# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONNA CRAWFORD, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 3:09-0779 |
| v. ) | Judge Echols / Knowles |
| ) | |
| STATE OF TENNESSEE ) | |
| DEPARTMENT OF FINANCE AND ) | |
| ADMINISTRATION, DIVISION OF ) | |
| MENTAL RETARDATION SERVICES, ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 6.

Plaintiff, acting pro se, filed this action pursuant to 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"); Tenn. Code Ann. § 8-50-103, the Tennessee Disability Act ("TDA"); and Tenn. Code Ann. § 4-21-101, *et seq*, the Tennessee Human Rights Act ("THRA"). Plaintiff sues Defendant seeking compensatory and punitive damages, as well as prejudgment interest, costs, and fees. *Id.*

In the instant Motion and accompanying materials, Defendant argues that Plaintiff's Title VII claim should be dismissed because Plaintiff did not file her EEOC Charge within 300 days of the alleged discrimination, thereby failing to exhaust her administrative remedies with the EEOC before filing suit. Docket Nos. 6-10. Defendant also argues that Plaintiff cannot sustain

1

her claims under Title I of the ADA, the TDA, and the THRA because the State is immune from suit under these statutes. *Id.*

Plaintiff filed a Response arguing that she could not file a Charge of Discrimination and Retaliation with the EEOC until the completion of her Civil Service grievance procedure or her "federal suit would have been dismissed because [she] would not have completed the administrative remedy." Docket No. 18. Plaintiff argues that, accordingly, she was in a "'Catch 22' situation with those two inconsistent deadlines." *Id.* Plaintiff further argues that the State is not immune from suit under Title VII, the ADA, the TDA, or the THRA. *Id.*

Defendant has filed a Reply arguing that Plaintiff's Title VII claim is time-barred, that punitive damages are not recoverable against the State, and that the State is immune from suit under the ADA, the TDA, or the THRA. Docket No. 23.

Plaintiff filed her EEOC Charge of Discrimination and Retaliation on May 27, 2009. The next day, May 28, 2009, the EEOC mailed Plaintiff her Right to Sue letter indicating that the EEOC was closing its file and dismissing Plaintiff's Charge because the Charge was not timely filed.

As has been discussed, Defendant argues that Plaintiff's Title VII claims must be dismissed because Plaintiff did not file her EEOC Charge within 300 days of the alleged discrimination, thereby failing to exhaust her administrative remedies with the EEOC before filing suit. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII action. *See Zipes v. TWA,* 455 U.S. 385, 392-298 (1982). In order to exhaust administrative remedies, a plaintiff

2

must file an EEOC Charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000-e5(e). Once the EEOC dismisses the Charge and issues a Right-to-Sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000-e5(f)(1). These time limits do not constitute a jurisdictional prerequisite to filing suit, but are subject to waiver, estoppel, and equitable tolling. *See Zipes*, 455 U.S. at 393. Federal courts apply equitable tolling sparingly. *See Irwin*, 498 U.S. at 96. A plaintiff must demonstrate facts showing her diligence in pursuing the claim. *See Morgan v. Washington Mfg. Co.,* 660 F.2d 710, 712 (6th Cir. 1981).

In the cast at bar, Plaintiff was notified of her termination on August 25, 2003. Her termination became effective on October 23, 2003. Plaintiff, therefore, had 300 days from October 23, 2003 (which is June 20, 2004) to file her Charge of Discrimination and Retaliation with the EEOC. Plaintiff did not file her Charge of Discrimination and Retaliation with the EEOC until May 27, 2009, almost 5 years later.

Although Plaintiff argues that she could not file her EEOC Charge of Discrimination and Retaliation before she completed her Tennessee Civil Service Commission grievance procedures, this is simply not the case. The allegations of Plaintiff's Complaint provide no basis sufficient to toll the statute of limitations. Accordingly, Plaintiff's Title VII claim is barred by the statute of limitations.

With regard to Plaintiff's claims under the ADA, the TDA, or the THRA, Defendant is an arm of the State of Tennessee. Tenn. Code Ann §§ 4-3-101(9), 4-3-1001. The law is well-settled that a State has sovereign immunity absent express waiver or valid abrogation. The State

3

of Tennessee has not expressly waived its immunity, nor has there been a valid abrogation of it. The U.S. Supreme Court has specifically held that the Eleventh Amendment and the doctrine of sovereign immunity bar private suits seeking money damages for state violations of Title I of the ADA.  *See Tennessee v. Lane*, 541 U.S. 509, 515 (2004); *Board of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356 (2001).  Additionally, Plaintiff did not pursue her statutory remedies in state Court for alleged violations of the TDA or the THRA.

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. Thus, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge